# COURT OF CHANCERY
# OF THE
# STATE OF DELAWARE

KATHALEEN ST. JUDE MCCORMICK
CHANCELLOR

LEONARD L. WILLIAMS JUSTICE CENTER
500 N. KING STREET, SUITE 11400
WILMINGTON, DELAWARE 19801-3734

September 19, 2022

Peter J. Walsh, Jr., Esquire
Kevin R. Shannon, Esquire
Christopher N. Kelly, Esquire
Mathew A. Golden, Esquire
Callan R. Jackson, Esquire
Potter Anderson & Corroon LLP
1313 N. Market Street
Hercules Plaza, 6th Floor
Wilmington, DE 19801

Edward B. Micheletti, Esquire
Lauren N. Rosenello, Esquire
Skadden, Arps, Slate, Meagher & Flom LLP
920 N. King Street, 7th Floor
P.O. Box 636
Wilmington, DE 19899-0636

Brad D. Sorrels, Esquire
Wilson Sonsini Goodrich & Rosati, P.C.
222 Delaware Avenue, Suite 800
Wilmington, DE 19801

Re:     *Twitter, Inc. v. Elon R. Musk et al.*,
        C.A. No. 2022-0613-KSJM

Dear Counsel:

Defendants Elon R. Musk, X Holdings I, Inc., and X Holdings II, Inc. ("Defendants") have moved pursuant to Court of Chancery Rule 59(f) for reargument of my September 7, 2022 letter decision (the "Letter Decision").[1]

The Letter Decision resolved Defendants' Fourth Discovery Motion, which sought an order compelling Plaintiff Twitter, Inc. ("Plaintiff") to collect and review Slack messages for forty-two document custodians. In the Letter Decision, I noted "the

---

[1] *See* C.A. No. 2022-0613-KSJM, Docket ("Dkt.") 494 ("Second Mot. for Reargument"); *see also* Dkt. 428 ("Letter Decision").

substantial disparity in the discovery burden placed upon the warring factions" and that "Plaintiff's had it far worse," such that I was "hesitant to impose a large additional discovery burden on Plaintiff at this stage in litigation."[2]   When evaluating the burdensomeness and proportionality of Defendants' ask, I examined the parties' exchanges concerning the scope of discovery as to non-email custodians.  In those exchanges, Defendants sent two separate proposals in which it limited its request for Slack messages to eight custodians.  Noting that Plaintiff had already produced messages from six of those custodians, I ordered Plaintiff to produce Slack messages from the other two custodians.  I believed—and continue to believe—that this outcome was within the discretion that a court has to assess burdensomeness and proportionality.

"The Court will deny a motion for reargument 'unless the Court has overlooked a decision or principle of law that would have a controlling effect or the Court has misapprehended the law or the facts so that the outcome of the decision would be affected.'"[3]  If a motion for reargument "merely rehashes arguments already made by the parties and considered by the Court" in rendering the decision for which reargument is

---

[2] Letter Decision at 2.

[3] *Nguyen v. View, Inc.*, 2017 WL 3169051, at *2 (Del. Ch. July 26, 2017) (quoting *Stein v. Orloff*, 1985 WL 21136, at *2 (Del. Ch. Sept. 26, 1985)).

sought, the motion must be denied.[4]  On a motion for reargument, the movant bears a "heavy burden."[5]

To meet this heavy burden, Defendants first argue that the Letter Decision rested on a "clearly misapprehended factual premise"—namely, that they ever demanded eight Slack custodians.[6]  Defendants admit that they sent a proposal not once, but twice, that listed only eight Messaging Platform Custodians, where "Messaging Platform" was defined to include Slack.  Defendants argue, however, that the references were an obvious "scrivener's error."[7]  I did not misapprehend this argument.  I simply rejected it as relevant. Defendants' displeasure with that decision is not a basis for reargument.

Defendants next argue that the Letter Decision improperly treated the two rejected proposals as binding contracts.  Not so.  Instead, I limited the scope of relief, taking into account the burden on Plaintiff and the needs of the case consistent with proportionality principles that guide discovery in this court.  I drew guidance from how Defendants had previously proposed to limit their demands in negotiations.  Plaintiff's reasonable reliance on Defendants' proposals increased the burden that would be imposed by a subsequent broader production.  Considering the burden created by the parties' negotiating positions

---

[4] *Wong v. USES Hldg. Corp.*, 2016 WL 1436594, at *1 (Del. Ch. Apr. 5, 2016).

[5] *In re ML/EQ Real Est. P'ship Litig.*, 2000 WL 364188, at *1 (Del. Ch. Mar. 22, 2000).

[6] Second Mot. for Reargument at 7.

[7] *Id.* at 5.

is particularly fair and justified in view of the need for parties to "be able to rely upon one another's good faith proposals for the discovery process to function."[8]

Defendants last argue that they face overwhelming prejudice from the Letter Decision that "[p]lainly [o]utweighs" any burden on Plaintiff.[9] Defendants criticize the Letter Decision's discussion of burden as cursory while ignoring that this discussion expressly acknowledges my ongoing, repeated observation of the "substantial disparity in the discovery burden placed upon the warring factions."[10] I have discussed this burden in at least two other decisions resolving discovery disputes in this matter already.[11] A court need not keep repeating itself. For the Fourth Discovery Motion, Twitter described the substantial burden imposed by the "manual review of more than 240,000 pages of additional Slack communications" and estimated that a full-time, full-team project focusing exclusively on this production would require "well more than a week."[12] I took that showing into account.

In short, none of Defendants' bases for reargument are persuasive.

---

[8] Letter Decision at 5.

[9] Second Mot. for Reargument at 11.

[10] Letter Decision at 2.

[11] Dkt. 427 at 3 ("Plaintiff has born the bulk of the burden of discovery."); Dkt. 379 at 2 ("Although I made clear early on that discovery would be bilateral, Plaintiff's discovery efforts and the corresponding burdens have been far greater than those of Defendants.").

[12] Dkt. 421 at 18.

There is more. Defendants state in their second motion for reargument that, "at a bare minimum," the court should order that Twitter produce Slack messages from seven additional custodians, two of whom were designated as witnesses for nine of Defendants' Rule 30(b)(6) deposition topics. Defendants took a similar approach in the last motion for reargument, criticizing me for failing to unilaterally limit Defendants' sprawling orchard of discovery requests to order Plaintiff to produce the "low hanging fruit."[13]

Defendants appear to be under the impression that they can take unreasonable positions in their discovery requests, when conferring with their opponents, and in motion practice, and then, through reargument, propose a more reasonable approach. A motion for reargument is not a vehicle for renegotiation. A court makes rulings, not proposals for the parties to counter. Defendants' approach wastes judicial and litigant resources.

Defendants should be forewarned that I will give future motions for reargument the attention they deserve. If a motion appears to have merit, then I will address it promptly. Otherwise, I will take the motion under advisement for the full 90-day period and address the motion, to the extent a ruling remains warranted, in connection with post-trial briefing.

---

[13] Dkt. 413 at 3–4.

IT IS SO ORDERED.

Sincerely,

*/s/ Kathaleen St. Jude McCormick*

Kathaleen St. Jude McCormick
Chancellor

cc:     All counsel of record (by *File & ServeXpress*)